IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JAMES YOO, | ) | No. 80910-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VELICAHN INC. d/b/a KUSHMAN'S, a | ) | |
| Washington corporation, and GENE | ) | |
| KULINOVSKY, an individual, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — James Yoo and Velicahn, Inc. entered into an option agreement which granted Yoo the right to purchase an ownership interest in Velicahn's cannabis license, contingent upon Yoo's vetting and approval by the Washington State Liquor and Cannabis Board (WSLCB).  Both parties took steps toward completion of the transaction and Velicahn initiated the application with the WSLCB to add Yoo to the license.  However, Yoo failed to timely submit his portion of the necessary information to the WSLCB, which resulted in administrative closure of the application.  After Velicahn declined Yoo's request to resubmit, Yoo filed suit in Snohomish County Superior Court.  The trial court granted Velicahn's CR 12(c) motion for judgment on the pleadings and dismissed the case.  Yoo appeals the dismissal and subsequent award of costs and fees to Velicahn.  We agree that the trial court erred in granting Velicahn's CR 12(c) motion and reverse.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

James Yoo owns the premises in which Velicahn Inc. operated one of its retail cannabis stores pursuant to a lease between the parties. On July 6, 2016, Velicahn and Yoo entered into an agreement by which Velicahn granted to Yoo the option to purchase a 15% ownership interest in its cannabis license for $10,000, subject to his vetting and approval by the Washington State Liquor and Cannabis Board (WSLCB). The option remained open for a one-year period following the date the WSLCB issued the retail cannabis license to Velicahn. Based on the date of issuance of the license, the option expired June 4, 2017. The option purchase agreement (OPA)[1] also provided that any ownership interest Yoo obtained in the license would terminate automatically if Velicahn moved its business or license from the premises owned by Yoo for any reason. Upon termination of the ownership interest by any such move from the premises, distributions of profit generated by the store, if any, constituted payment for capital contributions made by Yoo.

Yoo gave Velicahn notice within the one year period that he intended to exercise the option. In October 2018, Velicahn initiated the necessary application to the WSLCB to have Yoo added to the license and submitted the required supporting documentation for which it was responsible. Yoo claims he became ill and was unable to timely submit his portion of the required information to the

---

[1] The parties, and the document itself, alternately refer to the agreement as the option purchase agreement (OPA) and License Purchase Agreement (LPA).

WSLCB. Yoo's inaction resulted in failure to meet the WSLCB filing timeframe and the application was administratively closed in November 2018.

Yoo demanded that Velicahn permit him another opportunity to exercise the option and resubmit the application to WSLCB. In May 2019, Velicahn informed Yoo that it would not do so and that the option had expired due to Yoo's failure to timely exercise it. Yoo sued Velicahn under theories of breach of contract and estoppel, seeking a declaratory judgment, specific performance, and damages for the period during which he was not on the license. Velicahn soon filed its answer and a motion for judgment on the pleadings. The trial court granted Velicahn's motion after oral argument and dismissed Yoo's claims with prejudice and without leave to amend. The trial court also awarded Velicahn $24,811.00 in costs and attorney fees as the prevailing party pursuant to Section 7 of the OPA. Yoo now appeals.

ANALYSIS

Yoo's primary argument is that the trial court erred in granting Velicahn's CR 12(c) motion for judgment on the pleadings. Washington courts treat a CR 12(c) motion for judgment on the pleadings identically to a CR 12(b)(6) motion for failure to state a claim. P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203, 289 P.3d 638 (2012). "Like a CR 12(b)(6) motion, the purpose is to determine if a plaintiff can prove any set of facts that would justify relief." Id. Appellate courts review a CR 12(c) dismissal de novo. Deegan v. Windermere Real Estate/Center-Isle, Inc., 197 Wn. App. 875, 884, 391 P.3d 582 (2017). Dismissal pursuant to CR 12(c) "is appropriate only if 'it appears beyond a doubt that the plaintiff can prove

no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" M.H. v. Corp. of Catholic Archbishop of Seattle, 162 Wn. App. 183, 189, 252 P.3d 914 (2011) (internal quotation marks omitted) (quoting Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 120, 744 P.2d 1032 (1987)). "Accordingly, we must take the facts alleged in the complaint, as well as hypothetical facts, in the light most favorable to the nonmoving party." Id.

Here, the trial court erred in dismissing Yoo's action because his complaint provided sufficient allegations and facts, both actual and hypothetical, to survive Velicahn's CR 12(c) motion. Viewed with the lens that all facts, including those that are purely hypothetical, weigh in Yoo's favor, the following allegations in his complaint address the breach of the contract claim generally:

> 2.11 Accordingly, Yoo tendered Kulinovsky a cashier's check in the amount of $15,000.00 and, Pursuant to the License Purchase Agreement, the parties began working together in October 2018 to submit a Change of Governing People application to the WSLCB for Yoo to be approved as a true party in interest in Kushman's Mukilteo.

> 2.12 After beginning the application process with the WSLCB, Yoo became ill and was unable to immediately return his portion of the paperwork by the deadline set by the WSLCB, which caused the WSLCB to withdraw Velicahn d/b/a Kushman's Mukilteo's application to have Yoo approved as a true party in interest in Kushman's Mukilteo in November of 2018, subject to a refiling.

> 2.13 Yoo has demanded that Kulinovsky and Velicahn resubmit a Change of Governing People form to initiate the application process for the approval of Yoo as a true party in interest in Kushman's Mukilteo and has also notified Kulinovsky and Velicahn that Yoo remains prepared to perform under the Purchase Option.

> 2.14 Kulinovsky and Velicahn have refused to provide the necessary paperwork or otherwise resubmit a Change of Governing People application to the WSLCB for Yoo to be approved as a true party in interest in Kushman's Mukilteo.

While these assertions may not have been developed enough to survive other sorts of pretrial dismissal motions, such as summary judgment, the claims provide a framework upon which hypothetical facts could rest that is sufficient for Yoo's cause of action to survive the low threshold of a CR 12(c) challenge.

Because of the procedural posture of this appeal, we must distinguish between the hypothetical and actual facts considered. The actual facts are that the parties agreed to be bound by the OPA, Yoo timely exercised the option, Yoo tendered payment of $15,000 to Velicahn, the parties began the application process with the WSLCB, the WSLCB withdrew the application because Yoo failed to timely submit his portion of the required paperwork, and Velicahn refused to resubmit the application.[2] Velicahn did not admit Yoo's assertion in his complaint that his delay was due to illness. Yoo did not include dates or other details about his illness or when he first approached Velicahn to request resubmission of the application. In his breach of contract claim, Yoo expressly avers that Velicahn breached the implied duty of good faith and fair dealing by refusing to resubmit the application to the WSLCB. An implied duty of good faith and fair dealing exists in every contract. Badgett v. Sec. State Bank, 116 Wn.2d 563, 569, 807 P.2d 356 (1991).

The seriousness and duration of Yoo's purported illness and the timing of his request to Velicahn to resubmit the WSLCB application are unclear from the

---

[2] In briefing to the trial court and on appeal, both parties agreed that the option was exercised. At oral argument, Yoo maintained his position that he exercised the option and Velicahn clarified that its position is that Yoo provided timely notice of intent to exercise. This contradicts its answer to the complaint expressly admitting that Yoo exercised the purchase option prior to the expiration date in the agreement.

pleadings. However, questions of fact are resolved in favor of the non-moving party in a CR 12(c) motion. The purpose of a CR 12(c) motion is to determine if a plaintiff can prove any set of facts that would justify relief. See P.E. Sys., 176 Wn.2d at 203. All factual allegations in the complaint are taken as true. Nw. Animal Rights Network v. State, 158 Wn. App. 237, 241, 242 P.3d 891 (2010).

With this methodology in mind, this court can hypothesize facts that could exist within the framework of those actual facts contained in the pleadings which would support a claim that Velicahn breached its duty of good faith and fair dealing. In its written opposition to Velicahn's motion, Yoo asserted that it was Velicahn who had delayed the application process until October 2018 and "dragged its feet" in that phase of the process, but does not allege Velicahn refused to participate in the WSLCB application process until after the administrative closure of the first attempt.

If Yoo had been seriously ill or hospitalized such that his failure to complete his portion of the application process was outside of his control and if he immediately contacted Velicahn to request resubmission after he recovered, such hypothetical facts could support a finding that Velicahn breached an implied duty of good faith and fair dealing. There is nothing in the record before us to suggest that the trial court considered such a hypothetical fact pattern.[3] Assuming as we must that the facts contained in Yoo's complaint are true, and providing all

---

[3] There was no report of proceedings designated in the record on appeal. The clerk's papers contain a notice from the Snohomish County Superior Court Clerk's Office indicating that oral argument on the motion was not recorded electronically nor by a court reporter.

hypothetical facts in his favor, Yoo has met the low threshold set out in CR 12(c). As such, we reverse the dismissal of his suit and remand for further proceedings.[4]

Both Yoo and Velicahn request an award of fees on appeal based on the plain language of section 7(a) of the OPA and under RAP 18.1. However, given the procedural posture of this case, neither party has prevailed on the merits yet. As such, we defer to the trial court as to an award of fees for the litigation there and on appeal. See Ullery v. Fulleton, 162 Wn. App. 596, 256 P.3d 406 (2011).

Reversed and remanded.

WE CONCUR:

---

[4] Because our ruling on the substantive issue results in reversal, we need not reach Yoo's assignment of error as to the trial court's award of costs and attorney fees to Velicahn.